PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SELENA SOTELO, ) | |
| ) | CASE NO. 1:23CV00359 |
| Petitioner, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| NERC STATE OF OHIO, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Respondent. ) | |

    This matter is before the Court on the Petition of *pro se* Petitioner Selena Sotelo pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is presently incarcerated at the Northeast Reintegration Center.

    This Petition concerns Petitioner Sotelo's 2019 conviction in the Lucas County Court of Common Pleas (Case No. CR0201901503). Petitioner appealed her conviction to the Sixth District Court of Appeals (Case No. L-19-1240), which affirmed the judgment of the Lucas County Common Pleas Court. There is no suggestion in the Petition, or statement on the docket, indicating that Petitioner further appealed the Sixth District Court of Appeals' decision to the Ohio Supreme Court. Petitioner alleges that she was not permitted to present witnesses to testify on her behalf, she was not permitted to take a lie detector test, and the entirety of her evidence was not presented at trial. ECF No. 1 at PageID #: 6-7.

(1:23CV00359)

### I. Standard of Review

Promptly after the filing of a habeas corpus petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If the preliminary review shows that the petitioner is not entitled to relief, the petition must be summarily dismissed. 28 U.S.C. § 2243; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or when the necessary facts can be determined from the petition itself without consideration of a response. *Allen*, 424 F.2d at 141.

*Pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). This principle of liberal construction applies to petitions for a writ of habeas corpus. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

### II. Analysis

Although Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, she is challenging her state court conviction, and her petition must therefore meet the requirements and standards of 28 U.S.C. § 2254. It is a well-established rule of statutory

(1:23CV00359)

construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). The Sixth Circuit has noted that "numerous federal decisions . . . support the view that all petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining habeas relief from a state conviction. *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (emphasis original); *see also Allen v. White*, 185 Fed. Appx. 487, 490 (6th Cir. 2006). Therefore, regardless of the statutory label Petitioner placed on her habeas petition, the Petition is governed by 28 U.S.C. § 2254. *See Byrd v. Bagley*, 37 Fed. Appx. 94, 95 (6th Cir. 2002).

A federal district court may entertain a habeas petition filed by a person in state custody only on the ground that she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). But before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a state prisoner must exhaust state remedies. *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. §§ 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509 (1982)).

Exhaustion is fulfilled once a state supreme court provides a convicted person a full and fair opportunity to review his or her claims on the merits. *Manning*, 912 F.2d at 880-81 (citing among authority, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302-03 (1984)). Exhaustion requires "fair presentation" of the federal claim "to the state courts, including the state court of appeals and the state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734-35 (6th

3

(1:23CV00359)

Cir. 2011) (brackets omitted); *see* O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To fairly present a federal claim, a state prisoner must present the state courts with "both the legal and factual basis" for the claim. Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (emphasis in original); *see* Williams v. Mitchell, 792 F.3d 606, 613 (6th Cir. 2015). The petitioner bears the burden of establishing that she has properly and fully exhausted available state court remedies with respect to his or her habeas claims for relief. *See* Nali v. Phillips, 681 F.3d 837, 852 (6th Cir. 2012) (citing Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994)).

Here, a review of the docket reveals that Petitioner appealed her conviction to the state court of appeals. There is no suggestion, however, that Petitioner further appealed her conviction to the Ohio Supreme Court. Because she has not presented her claims to the Ohio Supreme Court, she has not given the state courts a fair opportunity to consider the merits of the claims she has presented in this Petition. Petitioner has, therefore, not properly exhausted her state court remedies, and the Petition must be dismissed.

### III. Conclusion

For the foregoing reasons, this Court denies Petitioner Selena Sotelo's petition–construed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254– and dismisses the action without prejudice pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases. Petitioner's application to proceed in this action *in forma pauperis* (ECF No. 3) is granted.

(1:23CV00359)

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
|   May 10, 2023   |   /s/ *Benita Y. Pearson*   |
| Date | Benita Y. Pearson |
| | United States District Judge |